UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MARIO D. JONES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:20-cv-00340 |
| STATE OF TENNESSEE DEPARTMENT OF CORRECTION et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 56) recommending that the Court grant Defendants' pending Motion to Dismiss. (Doc. No. 40). The R&R also recommends that the Court grant in part and deny in part Plaintiff's Motion to Amend. (Doc. No. 54). Plaintiff has filed an objection. (Doc. No. 57). For the following reasons, the R&R will be approved and adopted.

### I. BACKGROUND

The Magistrate Judge has carefully recounted the factual background and procedural history of this case. (Doc. No. 56 at 2–6). As the R&R explains, Plaintiff alleges a Racketeer Influenced and Corrupt Organizations Act (RICO) conspiracy against Defendants for allegedly kidnapping, torturing, and falsely imprisoning him. (Id. at 2–4; see also Doc. No. 1 ¶¶ 10–30). Plaintiff also alleges a Section 1983 violation of his Fourteenth Amendment Equal Protection rights. (Id. at 4–6; see also Doc. No. 1 ¶¶ 31–36).

On March 8, 2021, the Court dismissed Plaintiff's claims against the Tennessee Department of Correction (TDOC), Parole Officer Sonia Jones, and Parole Officer Amber Lineberry. (Doc. No. 48). Plaintiff's claims remained against the Tennessee Board of Parole

(TBOP), Lois M. DeBerry Special Needs Facility (DSNF), the Bledsoe County Correctional Complex (BCCX), Institutional Probation Parole Officer Shuntae Davidson, and attorney Jerry Caleb Cassell, who represented Plaintiff in prior parole revocation proceedings. (See Doc. No. 56 at 3–4; see also Doc. No. 1 ¶¶ 1–9).

TBOP, DSNF, BCCX, and Davidson moved to dismiss, arguing that Plaintiff failed to allege either RICO or Section 1983 claims against them. (Doc. Nos. 40, 41). Meanwhile, Cassell answered the Complaint. (Doc. Nos. 14, 15). Plaintiff then filed a Motion to Amend his complaint in order to revise and add claims against Defendants, who opposed the motion. (Doc. Nos. 46, 58–59).

## II. STANDARD OF REVIEW

The Court's standard of review for a Magistrate Judge's R&R depends upon whether a party files objections. Where, as here, a party objects to portions of the R&R, the Court reviews those portions *de novo*. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's R&R. See Hill v. Duriron Co., 656 F.2d 1208, 1215 (6th Cir. 1981); see also 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

After explaining the appropriate legal standards under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the Magistrate Judge concluded that sovereign immunity applied to TBOP, DSNF, and BCCX, and that those defendants should be dismissed. (Doc. No. 56 at 13). The R&R also recommended dismissal of Plaintiff's original RICO and Section 1983 claims against

Davidson. (Doc. No. 56 at 19). After summarizing the appropriate legal standard under Federal Rule of Civil Procedure 15(a)(2), the Magistrate Judge found that Plaintiff's Motion to Amend should be denied with respect to all remaining defendants except for Cassell. (Doc. No. 56 at 13, 19).

Construing Plaintiff's objections fairly and liberally given his pro se status, the Court finds that they fall under two categories: (1) the Court has subject-matter jurisdiction over TBOP, DSNF, and BCCX because sovereign immunity does not apply; and (2) Plaintiff's pro se status necessitates that the Court treat him fairly and equally. The Court will address each objection in turn.

A. Subject-Matter Jurisdiction

Plaintiff argues that the Court has subject-matter jurisdiction over TBOP, DSNF, and BCCX because they have "sufficient minimum contacts within the state of Tennessee," and that "Tennessee's long arm statute also makes [his] plea permissible under the due process clause of the Fourteenth Amendment." (Doc. No. 57 at 1–2).

But Plaintiff's arguments conflate and misstate the law of subject-matter jurisdiction as applied to TBOP, DSNF, and BCCX in light of immunity afforded by the Eleventh Amendment. See U.S. Const. amend. XI. Generally, a "district court has subject-matter jurisdiction where the complaint (1) raises a federal question, or (2) where the parties have diversity of citizenship and the amount in controversy exceeds $75,000." Wilson v. Allstate Ins. Co., No. 17-4248, 2018 WL 6422853, at *1 (6th Cir. 2018) (citing 28 U.S.C. §§ 1331, 1332)). Although the allegations raise a federal question under RICO, 18 U.S.C. §§ 1961–68, and 42 U.S.C. § 1983, that does not end the Court's inquiry because such allegations are nonetheless subject to Eleventh Amendment constraints.

3

Case 3:20-cv-00340 Document 60 Filed 08/02/21 Page 3 of 7 PageID #: 370

"The Eleventh Amendment 'deprives federal courts of subject-matter jurisdiction when a citizen sues his own State unless'": (1) the state waives its immunity; (2) Congress abrogates that sovereign immunity; or (3) where a suit requests injunctive relief against state officials violating federal law. Durham v. Martin, 388 F. Supp. 3d 919, 935–36 (citing Russell v. Lundergan-Grimes, 784 F.3d 1037, 1045–46 (6th Cir. 2015)); see also S & M Brands, Inc. v. Cooper, 527 F.3d 500, 507 (6th Cir. 2008).

The Magistrate Judge correctly concluded that none of the three exceptions to an Eleventh Amendment bar apply here. First, Tennessee has not waived its immunity for Plaintiff's § 1983 claim. See Berndt v. State of Tenn., 796 F.2d 879, 881 (6th Cir. 1986). And, as the Magistrate Judge points out, Plaintiff cites to no relevant authority stating that the state waives its immunity for RICO claims. (Doc. No. 56 at 11). Second, Congress has not abrogated immunity for those claims. See Durham, 388 F. Supp. at 935 (citing Quern v. Jordan, 440 U.S. 332, 345 (1979)). Third, although Plaintiff requests injunctive relief, he brings claims against state entities rather than state officials, as is required for an exception to apply. See Diaz v. Mich. Dep't of Corr., 703 F.3d 956, 964 (6th Cir. 2013) (noting that suits must be against "state officials in their official capacity").

Nor do Plaintiff's objections articulate any rationale by which this case is excepted from an Eleventh Amendment jurisdictional bar. Instead, Plaintiff merely conflates subject-matter jurisdiction with the legal standard for a court to exercise personal jurisdiction over non-resident defendants. (See Doc. No. 57 at 1–2); see also Simplex Healthcare, Inc. v. Marketlinkx Direct, Inc., 761 F. Supp. 2d 726, 729–30 (M.D. Tenn. 2011). But this case does not deal with non-resident defendants; rather, the Complaint alleges Section 1983 and RICO violations against state entities and Tennessee residents. (See Doc. No. 1 at 1–9).

Alternatively, Plaintiff invokes Tennessee Code § 29-20-201 and the Tennessee Human

Rights Act, Tenn. Code Ann. § 4-21-101 et seq., to argue that immunity should be removed from TBOP, DSNF, and BCCX "as a matter of fairness, due process of law, and with respects [sic] to the Fourteenth Amendment." (Doc. No. 57 at 4). This argument is likewise unavailing, as Plaintiff cites to no case law establishing a connection between that state statute and federal court jurisdiction. Indeed, these statutes simply are not exceptions to Eleventh Amendment immunity. See Durham, 388 F. Supp. 3d at 935–36 (citing Russell, 784 F.3d at 1045–46); see also S & M Brands, Inc., 527 F.3d at 507.

Accordingly, having reviewed the record and case law, the Court concludes that the Eleventh Amendment immunity applies to TBOP, DSNF, and BCCX, and that those defendants should be dismissed. Moreover, because sovereign immunity applies, it follows that Plaintiff's motion to amend with respect to those defendants, which raises nothing that disturbs the Court's analysis, should be denied.

B. Plaintiff's Pro Se Status

Next, Plaintiff argues that, as a pro se litigant, he is "entitled to the fair and equal treatment of the courts," and that "Defendant cannot dismiss the Plaintiff's pleading because of his pro se status." (Doc. No. 57 at 3–4). It is true that the Court has an obligation to construe a pro se litigant's filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). But the Court has rigidly adhered to that standard; it has repeatedly highlighted Plaintiff's pro se status and has adhered to its obligation to construe Plaintiff's allegations and objections liberally. (See Doc. No. 56 at 9). Courts are simply not required to invoke plaintiffs' pro se status to shield and protect them from making fallible legal arguments. As the Magistrate Judge correctly pointed out, "courts are not required to conjure up unpleaded allegations or guess at the nature of an argument." Brown v. Cracker Barrel Rest., 22 F. App'x 577, 578 (6th Cir. 2001).

5

C. Motion to Amend

Plaintiff does not directly object to several other of the Magistrate Judge's recommendations regarding his motion to amend, including: (1) the denial of Plaintiff's leave to amend with respect to Jones and Lineberry because they have already been dismissed from this case; (2) the denial of leave to amend with respect to Davidson because of futility; and (3) the dismissal of the RICO and Section 1983 claims against Davidson. (Doc. No. 56 at 13–19). Nonetheless, having reviewed the record liberally in light of Plaintiff's pro se status along with the R&R and in the pursuit of justice, the Court agrees with the Magistrate Judge's conclusions. Accordingly, Plaintiff's Motion to Amend should be denied with respect to Jones, Lineberry, and Davidson, and the RICO and Section 1983 claims against Davidson should be dismissed.

As a final matter, the Court notes that claims against Cassell remain because (1) he filed an answer to the complaint, (Doc. Nos. 14, 15), and (2) his "Response in Defendant's Motion to Amend and Motion to Dismiss Defendant's Complaint" is untimely. (Doc. No. 58). Plaintiff filed his Motion to Amend on February 12, 2021. On May 4, 2021, the Court ordered parties to respond no later than "fourteen days of entry of this Order," or May 18, 2021. (Doc. No. 53). Yet, Cassell did not file his response until June 28, 2021, *forty-one* days after it was due. Accordingly, the Court will disregard that response as untimely, and Plaintiff's Motion to Amend with respect to Cassell should be granted as unopposed.

**IV. CONCLUSION**

For the foregoing reasons, the R&R (Doc. No. 56) is **APPROVED AND ADOPTED** and Plaintiff's objections are **OVERRULED**. Defendants TBOP, DSNF, BCCX, and Davidson's Motion to Dismiss (Doc. No. 40) is **GRANTED**, and Plaintiff's claims against TBOP, DSNF, BCCX, and Davidson are hereby **DISMISSED**. Plaintiff's Motion to Amend (Doc. No. 46) is **GRANTED IN PART AND DENIED IN PART**. The Motion to Amend is **GRANTED** with

6

Case 3:20-cv-00340   Document 60   Filed 08/02/21   Page 6 of 7 PageID #: 373

respect to Defendant Cassell only; it is **DENIED** as to all other Defendants.

    IT IS SO ORDERED.

                                                            _____
                                                   WAVERLY D. CRENSHAW, JR.
                                                   CHIEF UNITED STATES DISTRICT JUDGE