UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARIO D. JONES,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF TENNESSEE DEPARTMENT<br>OF CORRECTION et al.,<br><br>    Defendants. | Case No. 3:20-cv-00340<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:    The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

### REPORT AND RECOMMENDATION

Defendant Jerry Caleb Cassell, the only remaining defendant in this action, moves to dismiss pro se Plaintiff Mario D. Jones's amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted. (Doc. No. 62.) Jones has filed a response in opposition. (Doc. No. 64.) For the reasons that follow, the Magistrate Judge will recommend that Cassell's motion to dismiss be granted and that Jones's amended complaint be dismissed.

**I.    Background**

    **A.    Factual Background**

Jones alleges that, in 2013 or 2014, he filed a civil rights complaint with the Department of Justice (DOJ) alleging, among other wrongs, that public officials falsified court documents and issued an illegal warrant for his arrest that led to his wrongful conviction "in the *State of Tennessee*

*v. Jones* case #M-03-628."[1] (Doc. No. 47, PageID# 228, ¶ 25.) Jones states that the criminal case was to have been dismissed "in 2004 when the Federal Government intervened." (*Id.*) Jones states that, after he filed the complaint, the DOJ instructed him and his attorneys "to report to the FBI with all evidence" supporting his claims of public corruption. (*Id.* at ¶ 26.)

"On or around November 22, 2017, Jones reported to the FBI['s] Field[ ] Office" in Atlanta, Georgia, for an interview with a federal agent. (*Id.* at ¶ 27.) After the interview, agents informed Jones that their system showed an outstanding parole violation warrant for his arrest in Tennessee. (Doc. No. 47.) Jones states that he later discovered Parole Officer Sonia Jones (S. Jones) had fabricated a parole violation report and that "[s]omeone hacked into a Federal system and issued a bogus warrant for [his] arrest, when in fact no Judge signed nor issued the parole violation warrant." (*Id.* at PageID# 229, ¶ 30.)

Jones was arrested on the parole violation warrant and transported from the FBI's Atlanta field office to the DeKalb County Jail in Decatur, Georgia. (Doc. No. 47.) "On or around December 5, 2017, Jones was transported by the Tennessee Fugitive Task Force from [the] DeKalb County Jail . . . to [the] Bledsoe County Correctional Complex [(BCCX)]" in Pikeville, Tennessee. (*Id.* at PageID# 229–30, ¶ 32.) In late December 2017, Jones was transferred to the Lois M. DeBerry Special Needs Facility (DSNF) in Nashville, Tennessee. (Doc. No. 47.) Jones alleges that he was tortured during his incarceration. (*Id.*)

"On or around March 1, 2018, Jones had a parole [revocation] probable cause hearing." (*Id.* at PageID# 230, ¶ 33.) Jones told Parole Hearing Officer Amber Lineberry that his confinement was illegal and that he had a pending case with the DOJ. (Doc. No. 47.) Lineberry said she would reschedule the hearing. (*Id.*) On or about June 4, 2018, the State of Tennessee

---

[1] Jones does not provide further identifying information for the case referenced here.

appointed Cassell to represent Jones in the parole revocation proceedings. (*Id.*) Jones states that "Cassell was in attendance on a few occasion[s] when Jones asked . . . Li[ne]berry for a copy of the parole violation warrant and" copies of any information that the Federal Government had sent to the Parole Board. (*Id.* at PageID# 231, ¶ 35.) Jones states that "Cassell was also given the parole violation report[,]" which Cassell "knew w[as] fabricated [and] forged[,]" but "Cassell refused to report this evidence of criminal activities to the proper authorities" and "refused to help free [Jones] from [his] illegal confinement." (*Id.*) Jones was released from custody on April 23, 2019. (Doc. No. 47.)

**B.     Procedural Background**

Jones initiated this action on April 21, 2020, by filing a complaint against the Tennessee Department of Correction (TDOC), the Tennessee Board of Parole (TBOP), BCCX, DSNF, S. Jones, Lineberry, Parole Officer Shuntae Davidson, and Cassell. (Doc. No. 1.) Jones's complaint alleged violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968, against each defendant and asserted claims under 42 U.S.C. § 1983 against each defendant, including violations of the Fourteenth Amendment's Equal Protection Clause. (*Id.*) Jones sought monetary damages and injunctive relief. (*Id.*) Cassell answered Jones's complaint. (Doc. Nos. 14, 15.) All other defendants filed motions to dismiss Jones's claims against them. (Doc. Nos. 25, 40.)

The Court granted TDOC, S. Jones, and Lineberry's motion to dismiss on March 8, 2021, finding that: (1) TDOC is entitled to sovereign immunity from Jones's claims for monetary damages and injunctive relief; (2) Jones failed to state plausible RICO claims against S. Jones and Lineberry; (3) Jones's § 1983 equal protection claim against S. Jones is time-barred and would also fail on the merits; (4) Jones failed to state a plausible § 1983 civil conspiracy claim against

S. Jones; (5) Lineberry is immune to Jones's claims for damages under § 1983; and (6) Jones failed to state plausible claims against Lineberry for injunctive relief under § 1983. (Doc. Nos. 45, 48.)

TBOP, DSNF, BCCX, and Davidson filed a separate motion to dismiss and, after responding in opposition to that motion (Doc. No. 43), Jones filed a motion for leave to amend his complaint under Rule 15(a)(2) and a proposed amended complaint renaming each defendant. (Doc. Nos. 46, 47). TBOP, DSNF, BCCX, and Davidson filed a timely response in opposition to Jones's motion for leave to amend. (Doc. Nos. 53, 54.) Cassell did not respond in opposition to the motion to amend or motion to dismiss until after the Magistrate Judge had issued a report and recommendation addressing both motions. (Doc. Nos. 56, 58.)

On August 2, 2021, the Court adopted the report and recommendation, denied Jones's motion for leave to amend with respect to TDOC, TBOP, DSNF, BCCX, Davidson, S. Jones, and Lineberry, and granted TBOP, DSNF, BCCX, and Davidson's motion to dismiss Jones's claims against them, finding that: (1) TBOP, DSNF, and BCCX are entitled to sovereign immunity under the Eleventh Amendment; and (2) Jones's complaint fails to state plausible RICO and § 1983 claims against Davidson. (Doc. Nos. 56, 60.) Because the Court found that Cassell's response in opposition to Jones's motion for leave to amend was untimely filed, it granted as unopposed Jones's motion for leave to amend with respect to Cassell (Doc. Nos. 56, 60). Jones's amended complaint against Cassell repeats his RICO and § 1983 allegations and alleges that Cassell also violated the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b)(1), 2671–2680. (Doc. No. 47.) Jones continues to seek monetary damages and injunctive relief. (*Id.*)

Cassell has now moved to dismiss Jones's amended complaint under Rule 12(b)(6), arguing that Jones has failed to state any plausible claims against him. (Doc. No. 62.) Jones has

responded in opposition, arguing that his amended complaint adequately states claims for relief. (Doc. No. 64.)

**II.**     **Legal Standard**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff must plead more than "'labels and conclusions[,]'" "'a formulaic recitation of the elements of a cause of action[,]'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (third alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Jones appears pro se, the Court construes his filings "'liberally'" and holds his amended complaint "'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

There are limits to liberal construction, however, and "courts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**III.    Analysis**

The Court previously considered whether Jones's amended complaint plausibly stated RICO, § 1983, and FTCA claims against Davidson and concluded that it did not. (Doc. Nos. 56, 60.) A similar analysis applies to Jones's RICO, § 1983, and FTCA claims against Cassell.

   **A.    Jones's RICO Claims**

RICO imposes criminal and civil liability on "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). To state a RICO claim, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 404 (6th Cir. 2012) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). RICO defines "racketeering activity" to include, among other things, "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical . . . , which is chargeable under State law and punishable by imprisonment for more than one year[.]" 18 U.S.C. § 1961(1)(A). "A pattern of racketeering activity requires, at minimum, two acts of racketeering activity within ten years of each other." *Heinrich*, 668 F.3d at 409 (citing 18 U.S.C. § 1961(5)). It also requires a showing "that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *Id.* (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989)). To plausibly state a RICO conspiracy claim, "plaintiffs must successfully allege all the elements of a RICO violation,

as well as alleging 'the existence of an illicit agreement to violate the substantive RICO provision.'" *Id.* at 411 (quoting *United States v. Sinito*, 723 F.2d 1250, 1260 (6th Cir. 1983)).

Jones's amended complaint contains a general allegation that Cassell "has committed acts . . . that violate one or more of the RICO statutes, and . . . worked in collusion with one or more of the" former defendants. (Doc. No. 47, PageID# 224–25, ¶ 11.) But the only specific allegations regarding Cassell's conduct in the amended complaint are that Cassell knew the parole violation report that led to Jones's arrest was fraudulent, refused to report that fact to the proper authorities, and refused to help free Jones from his confinement. (Doc. No. 47.) Even liberally construed, these allegations do not state a plausible RICO violation or RICO conspiracy claim against Cassell because they do not plausibly allege that Cassell engaged in a pattern of racketeering activity or conspired with others to violate RICO. *See Heinrich*, 668 F.3d at 409, 411. Jones's RICO claims against Cassell should therefore be dismissed.

### B. Jones's § 1983 Claim

Section 1983 provides a civil cause of action to any person deprived of federal rights by a person acting under color of state law. 42 U.S.C. § 1983. "To prevail on a § 1983 claim, a plaintiff must establish that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States." *Green v. Throckmorton*, 681 F.3d 853, 859–60 (6th Cir. 2012) (quoting *Waters v. City of Morristown*, 242 F.3d 353, 358–59 (6th Cir. 2001)).

The Supreme Court held in *Polk County v. Dodson*, 454 U.S. 312, 321 (1981), that state-appointed defense attorneys generally do not "act[ ] under color of state law within the meaning of § 1983." However, even "an otherwise private person acts 'under color' of state law if that person conspires with state officials to deprive another of federal rights." *Percival v. Girard*, 692 F. Supp. 2d 712, 732 (E.D. Mich. 2010); *see also Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980) ("Private persons, jointly engaged with state officials in the challenged action, are acting . . . 'under

7
Case 3:20-cv-00340    Document 65    Filed 01/18/22    Page 7 of 8 PageID #: 393

color' of law for purposes of § 1983 actions."). Jones has not alleged any facts sufficient to support a reasonable inference that Cassell conspired with state officials to deprive Jones of his federal rights. Jones therefore has not sufficiently alleged that Cassell acted under color of state law and his § 1983 claim against Cassell should be dismissed.

  **C.**  **Jones's FTCA Claim**

The FTCA only provides a cause of action for injuries caused by federal employees acting within the scope of their employment. *See* 28 U.S.C. § 1346(b)(1); *Brownback v. King*, 141 S. Ct. 740, 745–46 (2021). Jones has not alleged any facts sufficient to support a reasonable inference that Cassell is a federal employee. Consequently, Jones's FTCA claim against Cassell also should be dismissed.

**IV.**  **Recommendation**

For these reasons, the Magistrate Judge RECOMMENDS that Cassell's motion to dismiss (Doc. No. 62) be GRANTED and that Jones's amended complaint (Doc. No. 47) be DISMISSED.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 18th day of January, 2022.

                       */s/ Alistair Newbern*
                       ALISTAIR E. NEWBERN
                       United States Magistrate Judge