UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARIO D. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:20-cv-00340 |
| | ) |
| STATE OF TENNESSEE | ) |
| DEPARTMENT OF CORRECTION et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 65) recommends that the sole remaining defendant Jerry Caleb Cassell's Motion to Dismiss (Doc. No. 62) be granted and that the Amended Complaint be dismissed. The same day the Magistrate Judge issued her R&R, Plaintiff Mario Jones filed a Motion to Admit Additional Evidence. (Doc. No. 66). The Court will construe this motion as a timely objection because pro se litigants are to be afforded liberal construction, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the motion was filed within fourteen days of the R&R. See Fed. R. Civ. P. 72(b); L.R. 72.01(b). Having considered his objection and after a *de novo* review, the objection will be overruled, and the R&R will be approved and adopted.

The Magistrate Judge accurately describes the background and procedural history of this case. (Doc. No. 65 at 1–5). Jones alleges a Racketeer Influenced and Corrupt Organizations Act ("RICO") conspiracy against Defendants for allegedly kidnapping, torturing, and falsely imprisoning him." (Doc. No. 47, Am. Compl. at 2). Specifically, Jones alleges that, around 2014, he filed a civil rights complaint with the Department of Justice ("DOJ") after Defendants allegedly

"falsif[ied] court documents which resulted in an illegal issued warrant for [Plaintiff']s arrest, wrongful conviction, [and] false imprisonment" in a prior state court case. (Id. ¶ 25). According to Jones, after filing his DOJ complaint, the FBI instructed him to "report to the FBI with all evidence" supporting his claims. (Id. ¶ 26). Around November 22, 2017, Jones reported to the FBI's field office in Atlanta, where agents allegedly informed him that he had an outstanding parole violation and warrant for his arrest in Tennessee. (Id. ¶ 27). Jones asserts that "[s]omeone hacked into a Federal system and issued a bogus warrant for [his] arrest, when in fact no Judge signed nor issued the parole violation warrant." (Id. ¶ 30).

Authorities then arrested Jones on the outstanding parole violation and transported him from Atlanta to the DeKalb County Jail in Decatur, Georgia. (Id. ¶ 31). Jones alleges this transfer constituted kidnapping "by law enforcement." (Id. ¶ 30). According to Jones, officials then transferred him two more times: first to the Bledsoe County Correctional Complex ("BCCX") in Pikeville, Tennessee in early December 2017 and then to the Lois M. DeBerry Special Needs Facility ("DSNF") in Nashville later that month. (Id. ¶ 32). Jones also alleges he was tortured at DSNF. (Id. ¶ 36).

On March 1, 2018, Jones had a parole hearing before Amber Lineberry (Id. ¶ 34). At the hearing, Jones informed Lineberry that "his confinement was illegal and he was informed he has a pending case with the Department of Justice who took over jurisdiction in this matter." (Id. ¶ 33). According to Jones, Lineberry responded that "[s]omeone sent the Parole Board information pertaining to this matter" and that she would reschedule the hearing to "sort everything out." (Id.).

Attorney Jerry Caleb Cassell was appointed to represent Jones during his parole revocation proceedings. (Id. ¶ 35). Jones alleges that Cassell "was in attendance on a few occasion [sic] when [he] asked Defendant Hearing Officer Lianberry [sic] for a copy of the parole violation warrant

and the information that was sent to the Parole Board from the Federal Government." (Id.). Jones also alleges that Cassell was given the parole violation report, which he knew was "fabricated" and "forged," and that he "refused to report this evidence of criminal activities [sic] to the proper authorities," to obtain his release from custody. (Id.).

The Magistrate Judge concluded that Jones' allegations "do not plausibly allege that Cassell engaged in a pattern of racketeering activity or conspired with others to violate RICO." (Doc. No. 65 at 6–7). Jones disagrees and objects, maintaining that he sufficiently alleges a RICO violation. (Doc. No. 66 at 1).

On "[a] motion to dismiss under Rule 12(b)(6), [the Court] is confined to consideration of the pleadings." Jones v. City of Cincinnati, 521 F.3d 555, 562 (6th Cir. 2008). After reviewing the Amended Complaint liberally, fairly, and in the light most favorable to Jones, the Court concludes that Jones has not plausibly alleged a RICO violation with respect to Cassell. The Magistrate Judge is correct that a RICO violation requires the plaintiff to allege that an enterprise engaged in two or more acts of racketeering activity within a ten-year period. See Heinrich v. Waiting Angels Adoption Servs., Inc., 668 F.3d 393, 404 (6th Cir. 2012). Such acts can include "murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance." 18 U.S.C. § 1961(1)(A). A plaintiff must "successfully allege all the elements of a RICO violation" in addition to "the existence of an illicit agreement [with another] to violate the substantive RICO provision" in order to allege a RICO conspiracy. Heinrich, 668 F.3d at 409 (citation omitted). Jones has failed to do so.

Jones' allegation that Cassell was aware of the illegal activity surrounding his arrests and that he refused to "report this evidence of criminal activities [sic] to the proper authorities" or to "help free Plaintiff from the illegal confinement," (Am. Compl. ¶ 35), falls far short of a plausible

violation of RICO. Even liberally construed, these allegations do not plausibly allege that Cassell participated in a pattern of racketeering activity. See Aces High Coal Sales, Inc. v. Cmty. Bank & Trust, 768 F. App'x 446, 459 (6th Cir. 2019); see also Armatas v. Aultman Health Foundation, No. 5:19-cv-349, 2020 WL 1650841, at *5 (N.D. Ohio Mar. 27, 2020) (rejecting objection to R&R where plaintiff fails to allege any predicate RICO acts). Nor does Jones allege a connection between Cassell and the enterprise that allegedly kidnapped him between November and December 2017. That Cassell was "aware" of Jones' arrests does not signify that he colluded in any precipitating activity. Jones offers no allegations about any agreement between Cassell and anyone else to violate RICO. Moon v. Harrison Piping Supply, 465 F.3d 719, 723 (6th Cir. 2006) (citation omitted). The Court agrees that Jones has failed to state either a RICO violation or RICO conspiracy with respect to Cassell.

Even were the Court to construe Jones' motion as one to amend the Amended Complaint, his request would still require denial. Jones restates the elements of a RICO claim and argues that Bradley County Sheriff Tim Gobble, somehow, "connects both conspiracy of false imprisonments and both kidnappings that happened to the Plaintiff." (Doc. No. 66 at 2). Jones relies upon a sealed agency order from a prior criminal matter that, he argues, would provide additional evidence to prove his RICO claims. (Id. at 3). However, there remains no connection to Cassell; no allegations on how the sealed order would satisfy the elements of a RICO violation; and no allegations of a pattern of racketeering activity, as is required under RICO. See Heinrich, 668 F.3d at 404. Instead, Plaintiff's allegations are general, speculative, and offer no basis to otherwise withstand a motion to dismiss. See Campbell v. BNSF Ry., 600 F.3d 667, 677 (6th Cir. 2010) (finding that a speculative amendment is futile because it "would not survive a motion to dismiss"); see also Wright v. Dunn, No. 06-12289, 2007 U.S. Dist. LEXIS 18874, at *8 (E.D. Mich. July 6, 2007)

(denying motion to amend in a RICO case where Plaintiff's "allegations are not stated with particularity and only generally allege" that Defendants committed RICO violations). To the extent Jones' motion seeks amendment of the complaint, it must be denied.

For the foregoing reasons, the R&R (Doc. No. 65) is **APPROVED AND ADOPTED** and Plaintiff's objections are **OVERRULED**. Defendant Jerry Caleb Cassell's Motion to Dismiss (Doc. No. 62) is **GRANTED**, and Plaintiff Mario Jones' Amended Complaint is hereby **DISMISSED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE